**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MICHAEL JEROD WILLIAMS,** | § | |
| **Institutional ID No. 2524200,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 4:26-CV-421-O** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the petition of Michael Jerod Williams under to 28 U.S.C. § 2254 for writ of habeas corpus. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DENIED**.

## I. BACKGROUND

Petitioner is serving a term of imprisonment of life following his conviction for murder in Cause No. 1683030 in the 213th District Court, Tarrant County, Texas. ECF No. 20-1 at 267–70. On August 5, 2025, Petitioner's conviction was affirmed on appeal. *Williams v. State*, No. 06-24-00191-CR, 2025 WL 2217473 (Tex. App.—Texarkana Aug. 5, 2025). On September 24, 2025, the Court of Criminal Appeals of Texas ("CCA") denied his petition for discretionary review. *Id.*; ECF No. 20-28.

On October 30, 2025, Petitioner filed his state habeas application. ECF No. 20-33 at 27 (signature page). On January 29, 2026, the CCA denied the petition without written order on the findings of the trial court and on the CCA's own independent review of the record. ECF No. 20-34.

On March 5, 2026, Petitioner filed his federal habeas petition. ECF No. 1 at 15[1] (signature page).

## II. GROUNDS OF THE PETITION

Petitioner sets forth two grounds in support of his petition. ECF No. 1 at 5, 7. Respondent interprets the grounds to allege that: (1) the trial court abused its discretion by admitting evidence of extraneous offenses; (2) the State engaged in prosecutorial misconduct; and (3) his sentence is illegal because his prior conviction from Alaska could not be used as a predicate offense. ECF No. 21 at 2.

## III. APPLICABLE LEGAL STANDARDS

### A. Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill*

[1]Page number references to the petition are to "Page __ of 17" reflected at the top right portion of the document on the Court's electronic filing system.

*v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09. A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B. Exhaustion**

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal

court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish actual innocence, the petitioner must provide the Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and show that, in light of such evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). In other words, actual innocence means factual innocence, not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

## IV. ANALYSIS

In his first ground, Petitioner contends that the state court abused its discretion in admitting extraneous conduct. Specifically, it allowed a witness to testify that Petitioner had committed burglary[2], rape, and shot her home up. ECF No. 1 at 5. In his petition for discretionary review, Petitioner raised the issue of the admission of extraneous offenses "regarding witnesses who testified that they worked as prostitutes for [Petitioner] who gave proceeds from their prostitution to [Petitioner] in exchange for drugs and that [Petitioner] used the proceeds from a robbery to purchase drugs." ECF No. 20-26 at 18.[3] Petitioner argued that the admission of this evidence

[2] The petition refers to "burlariy." ECF No. 1 at 5.

[3] The page number reverences to the petition for discretionary review are to "Page __ of 45" reflected at the

violated the Texas Rules of Evidence. *Id.* This was the same issue raised on appeal. *Williams*, 2025 WL 2217473, at *4. He only raised one issue in his state habeas application and it did not pertain to extraneous conduct. ECF No. 20-33 at 17–18. Because Petitioner presents a new factual claim as well as a new legal claim not presented to the state court, the "fairly presented" requirement is not met. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Petitioner has made no attempt to demonstrate cause and prejudice or actual innocence.

Another part of Petitioner's first ground is that the State presented perjured testimony at trial. ECF No. 1 at 5. This ground was not raised at all in state court and is defaulted.

In his second ground, Petitioner alleges that his sentence is illegal because the State improperly used an Alaska conviction for which a suspended sentence had been imposed to enhance his sentence.[4] ECF No. 1 at 7. He urges that "[t]he indictment as a whole from the State of Alaska is void and none of it is entitled to be used." *Id.* He did not raise this issue on appeal. *Williams*, 2025 WL 2217473; ECF No. 20-26 at 12 (questions presented for review). In his state habeas application, Petitioner argued that the Alaska conviction was not final under the Texas Code of Criminal Procedure and that it had not been sufficiently proved since there was no "pen pack." ECF No. 20-33 at 17–18. He did not allege a violation of his constitutional rights. *Id.* Again, the ground was not fairly presented to the state courts and Petitioner has made no attempt to show that it can be presented here.

In sum, Petitioner's grounds were not fairly presented in state court and he has not

---

top right portion of the document on the Court's electronic filing system.

[4] In this regard, the Court notes that Petitioner pleaded true to the habitual offender notice that alleged that he had been previously finally convicted of the felony offense of theft in the second degree in the Superior Court for the State of Alaska. The trial court overruled his objection to the habitual offender notice. And, the State had at least two other prior felony convictions that could have been used for enhancement purposes. *See* ECF No. 20-33 at 40–41 (proposed findings), 186–87 (findings adopted).

overcome the procedural bar to presenting them here.

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in the petition.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **16th day** of **September, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**